UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THOMAS RONALDO JONES,

    Plaintiff,

vs.

MIAMI VALLEY HOSPITAL SECURITY,

    Defendant.

Case No. 3:25-cv-14

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. No. 9);
(2) DISMISSING PLAINTIFF'S *PRO SE* COMPLAINT WITH PREJUDICE (Doc. No. 3);
AND (3) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Thomas Ronaldo Jones brings this case *pro se* under 42 U.S.C. § 1983 alleging Defendant Miami Valley Hospital Security violated his civil rights because one of its security officers provided false information to him and used excessive force when removing him from hospital property.  Doc. No. 3.

The case is before the Court on Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.  Doc. No. 9.  The Court informed Plaintiff about Defendant's motion to dismiss and provided him with a deadline to respond to Defendant's motion to dismiss.  Doc. No. 10.  The Court warned, "[i]f you fail to file a timely response, Defendant's Motion to Dismiss may be granted and your case dismissed."  Doc. No. 10 at PageID 37.  Plaintiff did not file a response.  Thus, the motion is ripe for review.

**I.**

On or around November 19, 2024, Plaintiff arrived at Miami Valley Hospital to visit his hospitalized mother. Doc. No. 3 at PageID 15. When Plaintiff asked a Miami Valley Hospital employee where is mother was staying, the employee told him his mother was not there. *Id.* at PageID 16. Plaintiff contacted a family friend, who worked at the hospital, to find out his mother's room number. *Id.* When Plaintiff approached his mother's room, a hospital security guard told him that his mother requested no visitors at the time. *Id.* Plaintiff became upset, and security guards restrained him. *See generally id.* Hospital security guards then arrested Plaintiff and transported him to Montgomery County, Ohio jail. *Id.* at PageID 18.

**II.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the motion to dismiss stage, "[t]he Court accepts a *pro se* plaintiff's allegations as true and "construe[s] filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint will not suffice if it offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court

2

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

### III.

**A. Failure to State a Claim**

To state a § 1983 claim, plaintiff must allege: (1) "defendant acted under color of state law," and (2) "defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted). A private individual acting on his own cannot deprive a citizen of his constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149 (1978)).

However, private parties may be considered "state actors" for § 1983 liability when they jointly engage with state officials in wrongful conduct, or their actions may be "fairly attributable to the state." *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 139-40 (6th Cir. 2023). The Supreme Court has developed three tests for determining whether a private actor acts under the "color of state law": (1) the public function test—where the private party exercised powers traditionally reserved to the state; (2) the state compulsion test—where the state significantly encouraged or coerced the private party to take a particular action; and (3) the nexus test—where the private party's activities are sufficiently close and/or controlled by the state such that its actions may fairly be attributed to it. *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Having carefully and thoroughly considered the pleadings, the Court finds *pro se* Plaintiff's complaint, in this case, fails to allege facts meeting any of these three tests. *See generally* Doc. No. 3; *see Durante v. Fairlane Town Ctr.*, 201 Fed. App'x 338, 339, 343-44 (6th Cir. 2006) (holding

defendant mall security guards did not act under color of state law when arresting and transporting plaintiff to the local police station). Accordingly, the complaint fails to state a claim upon which relief may be granted against Defendant, and the Court **GRANTS** Defendant's motion to dismiss.

**B. Waiver**

Even assuming *arguendo*, Plaintiff's complaint did state a claim, Plaintiff waived his opposition to Defendant's motion to dismiss. "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss); *see also Humphrey v. U.S. Att'y Gen.'s Off.*, 279 Fed. App'x 328, 331 (6th Cir. 2008).

Here, even after the Court notified Plaintiff of his need to respond to Defendant's motion to dismiss, Plaintiff failed to respond. Doc. No. 10. Accordingly, the Court **GRANTS** Defendant's motion to dismiss because Plaintiff waived his opposition.

**IV.**

For the reasons stated, Defendant's motion to dismiss (Doc. No. 9) is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**, and this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

May 7, 2025                                        s/*Michael J. Newman*
                                                                                   Hon. Michael J. Newman
                                                                                   United States District Judge